IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY EDWARDS,

    Plaintiff,                    No. CIV S-05-1353 LKK DAD P

    vs.

TOM L. CAREY, et al.,

    Defendants.              ORDER

_____/

        In this order the court addresses three motions filed by the pro se plaintiff.

        PLAINTIFF'S MOTION TO COMPEL FILED AUGUST 25, 2006

        Plaintiff seeks to compel defendants to produce additional documents in response to a request for production of documents served on June 19, 2006. Plaintiff disputes defendants' objection to his requests as vague and argues that each item is relevant to the subject matter of the lawsuit. The motion is supported by copies of plaintiff's request and defendants' response. The motion includes a proof of service indicating that the motion was served on defendants on August 23, 2006. Defendants have filed no opposition to plaintiff's discovery motion.

        In response to plaintiff's Requests No. 1, No. 2, and No. 3, defendants responded that a reasonable and diligent search was conducted and that defendants are not in possession, custody, or control of documents responsive to these requests. Plaintiff is advised that a party

1

cannot be compelled to produce documents other than documents "in the possession, custody or control of the party upon whom the request is served." See Fed. R. Civ. P. 34(a). Plaintiff's motion to compel will be denied as to Nos. 1, 2, and 3.

In response to plaintiff's Requests No. 4 and No. 6, documents were produced. Plaintiff has not alleged, argued, or shown that additional documents should have been produced in response to these two requests. Plaintiff's motion will be denied as to Nos. 4 and 6.

Plaintiff's Request No. 5 seeks "Any and all complaints, grievances, (administrative or civil, past or present, filed against the defendants in regards to family visiting" [sic]. Defendants objected to this request

> on the grounds that it [sic] vague as to time, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving objections, and to the extent plaintiff is seeking copies of civil complaints, those documents are public record that can be obtained from the courts.

(Pl.'s Mot. to Compel filed Aug. 25, 2006, Ex. B at 4.) Although plaintiff's punctuation and wording are confusing, plaintiff appears to be requesting production of all civil complaints and administrative grievances ever filed against any of the five defendants on any matter involving family visits. Plaintiff relies on a conclusory argument that all requested items are relevant to the subject matter of his lawsuit. He has not shown that every family visiting complaint and grievance ever filed by an inmate against any of the five defendants will be relevant to plaintiff's unique claims concerning family visits. The court sustains defendants' objections to Request No. 5 on the grounds that the request is vague as to time and overly broad. Plaintiff's motion will be denied as to No. 5.

Plaintiff's Request No. 7 is even more global than Request No. 5: "Any and all grievances received by the defendants or their agents concerning defendants treatment of all prisoners that are in and under their care." Defendants objected to this request on that grounds that it is "overly broad, vague as to time and subject matter of the grievances, and not reasonably calculated to lead to the discovery of admissible evidence." The court sustains defendants'

objections to Request No. 7 on the grounds that the request is overly broad and vague as to time and subject matter of the documents sought. Plaintiff's motion will be denied as to No. 7.

Plaintiff's motion to compel filed August 25, 2006, will be denied.

PLAINTIFF'S MOTION TO COMPEL FILED OCTOBER 11, 2006

Plaintiff's motion filed on October 11, 2006, is virtually identical to the motion filed on August 25, 2006. Although plaintiff has added a page to his motion, he merely sets forth six of his seven requests and reiterates his argument that the documents requested are relevant to his case. The duplicative motion will be denied.

PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but the court cannot require such assistance. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's unsigned motion for appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 25, 2006 motion to compel discovery is denied;

2. Plaintiff's October 11, 2006 motion to compel discovery is denied; and

3. Plaintiff's November 16, 2006 motion for appointment of counsel is denied.

DATED: November 28, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
edwa1353.mtc31

3